## SEEVERS v. WOOD, BACON & CO.

1. REDEMPTION BY CREDITORS. A judgment creditor has a right to redeem real estate, purchased by him or his attorney for his use, under execution from the holder of a senior judgment lien, if he complies with the requisitions of §§ 1926–1929, Code of 1851.

*Appeal from Mahaska District Court.*

MONDAY, OCTOBER 21.

ACTION founded upon the following agreed state of facts, to-wit: It is agreed by the parties to this suit, in order to settle the questions in controversy between them therein, as provided by chapter 108 of the Code of Iowa, that the following are the facts in the premises:

I. Said defendants have, by attachment, the oldest lien upon the lots in dispute, as the property of Silas Scott, viz: lots 2 and 7 in block 3, lots 4, 5, 6 and 7 in block 4, and all of block 5, in all, fourteen lots in Daily & Searl's addition to Oskaloosa, Mahaska county, Iowa. That they obtained judgment against said Scott in said attachment suit, upon the 22d day of September, 1858, and sold said lots on execution issued thereon January 22d, 1859; and satisfied said judgment by the sale of said lots, together with other property sold on said execution, and received from the sheriff a certificate of purchase therefor. That on the 1st day of February, 1860, the said defendants received from the sheriff a deed for said lots, which was duly filed for record on the 2d day of February, 1860, and is of record in the recorder's office of said county.

II. Potter, Nute, White & Bailey and Sweetzer, Gookin & Co. recovered each a judgment against said Silas Scott, in said District Court on the 22d day of September, 1858, and sold the said lots on execution issued thereon on the 11th day of December, 1858, and said judgments were

thereby satisfied in full by the sale of said lots with other property. That James A. Seevers became the purchaser of said lots, and received the usual sheriff's certificate therefor; that on the 22d day of October, 1859, the said James A. Seevers paid into the clerk's office of said court, the sum of one hundred and ten dollars, in American gold for the use of said defendants, as redemption money for said fourteen lots, the same being the proper amount for the redemption of the same, and which sum still remains in said office subject to their order.

III. That said James A. Seevers made such payment for said redemption in, and by virtue of his character as a purchaser under the Potter, Nute, White & Bailey and Sweetzer, Gookin & Co. sales, he not holding any judgments or liens other than such as might be created by said purchase ; that said Seevers filed in said clerk's office his affidavit and statement, and claimed to redeem said lots as a purchaser.

IV. James A. Seevers claims that he acted in the purchase of said lots as the attorney for Potter, Nute, White & Bailey and Sweetzer Gookin & Co; and that although he took the certificate of purchase in his own name, it was in fact as their attorney, and for their use, and that the redemption money paid in by him, was the money of the said Potter, Nute, White & Bailey and Sweetzer Gookin & Co. That the certificate of purchase was not assigned by him to them, and that the said defendants had no notice of such attorney-ship, other than that the attorney's of Wood, Bacon & Co., the defendants, knew that the firm of Seevers, Williams & Seevers, of which James A. Seevers is a member, were the attorneys in obtaining said judgments and in conducting said sales.

Now, therefore, the parties submit to the court for trial, whether said James A. Seevers, or Potter, Nute, White & Bailey and Sweetzer Gookin & Co. have the right to redeem said fourteen lots, and whether they, or either of them have

complied with the Code, in relation to the redemption of real estate sold on execution. And the parties hereby agree that if the court shall find that the said parties have the right to redeem, and that said deposit of money has been properly made to entitle the said James A. Seevers to redeem said lots, then the court shall by decree, order the said Wood, Bacon & Co. to reconvey said fourteen lots to the said James A. Seevers.

*Rice, Myers & Rice* for the appellants.

*Seevers, Williams & Seevers* for the appellee.

Lowe, C. J.—Upon the foregoing facts the court below held in favor of the plaintiff's rights of redemption. We are inclined to hold likewise. Giving to §§ 1926–7–8–9 a liberal construction which we are required to do in order to carry out their general objects. We suppose there can be but little doubt that a judgment creditor can, and has the right to redeem real estate, purchased by him under execution, from the holder of a senior judgment lien, if he conforms in other respects with the provisions of the above sections. If this proposition be true it will be conceded that Potter, Nute, White & Bailey and Sweetzer, Gookin & Co., had they been in person the purchasers under their several judgments, could have redeemed from Wood, Bacon & Co. But the property was bid off by, and the certificate of purchase given to James A. Seevers one of their attorneys, and in his character as such purchaser (according to the agreed state of facts,) he offered to redeem. Yet apparantly in conflict with this, is the agreement of the existrnce of other facts, which must be considered in connection with the whole statement of facts. And they are, that James A. Seevers *claims* that he acted in the purchase of said property as the attorney of Potter, Nute, White & Bailey and Sweetzer Gookin & Co., and that although he took the certificate of purchase in his

own name, it was in fact as their attorney, and for their use, and that the redemption money paid in by him was the money of his clients.  This we admit is a novel way of submitting facts, but as we are compelled to consider them in the form in which they are presented, we shall construe them in that liberal spirit in which we are required to interpret the Code, and which will best harmonize with the equities of the case.  For instance, among the facts agreed upon are: "that James A. Seevers *claims* to have acted in the purchase of said lots as the attorney for Potter, Nute, White & Bailey and Sweetzer, Gookin & Co., and that although he took the certificate in his own name, it was in fact, as their attorney, and for their use, and that his clients furnished the redemption money," &c.  Now, we shall have the charity to suppose that this claim on the part of Mr. Seevers, is an honest, truthful one, which he would verify under oath if necessary.  If so, Wood, Bacon & Co. had no discretion in the premises, but were bound to accept the redemption money if no other objection existed, of which we are not advised.

It may be well to state perhaps, that we have not regarded this record as a suit at law or equity to determine the rights of the parties to it, but rather a form of proceeding in which the names of the parties have been used for the purpose of getting before the court an agreed statement of facts, to the end that right of any and all parties interested might be determined and settled.

The question whether a stranger who buys property under an execution takes, under his purchase as an equitable, and as a necessary incident, all the rights and privileges that the plaintiff in the execution would as a purchaser, including the right to redeem, does not arise as we think in this case, and we therefore reserve our opinion upon that point until the contingency occurs.

In this case the judgment below is affirmed.